894 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Darrell S. LANE, Plaintiff-Appellant,
v.
SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 89-2654.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 2, 1989.
Decided: Jan. 16, 1990.
 
 Paul Graham Beers (Client Centered Legal Services, on brief), for appellant.
 Lawrence John Harder (Beverly Dennis, III, Chief Counsel, Region III; Charlotte Hardnett, Chief, Social Security Litigation Division; Jacquelyn Cusumano, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services; John P. Alderman, United States Attorney; E. Montgomery Tucker, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and JAMES C. FOX, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 JAMES C. FOX, District Judge:
 Darrell S. Lane appeals an order of the United States Magistrate affirming the final decision of the Secretary of Health and Human Services whereby the Secretary refused to consider Lane's prior unsuccessful pro se applications for disability insurance benefits (DIB) and supplemental security income (SSI) filed in May and December, 1984.[1] Because we conclude that Lane has demonstrated, prima facie, lack of mental ability to pursue an appeal of such refusals, we remand the case to the Secretary to conduct a supplemental hearing to determine whether Lane did, in fact, lack the necessary competence to appeal therefrom.
 I.
 Lane, a 45-year-old man, has a fourth grade education and past work experience as an apartment janitor and school custodian. Lane initially applied for social security benefits on August 4, 1982. That claim was denied, and Lane returned to work until April, 1984. Lane's second and third applications were filed May 15, 1984, and December 17, 1984. These claims were denied, and Lane sought no further appeal.
 Lane's 1984 applications were reviewed again in 1986 pursuant to the Disability Benefit Reform Act of 1984, Pub.L. No. 98-460 Sec. 5(c)(1), 98 Stat. 1801-02 (1984). They were denied again at the initial level on September 2, 1986, and Lane did not seek reconsideration.
 Lane filed his last application on March 4, 1987. This claim was denied initially on May 4, 1987. Lane, continuing to appear pro se, filed for reconsideration on May 11, 1987. The request for reconsideration was denied on May 14, 1987. Lane requested a hearing before an Administrative Law Judge (ALJ) on May 18, 1987.
 Lane obtained legal counsel who represented him at the hearing before the ALJ. The ALJ also found that the administrative determinations of September 2, 1986, were final and binding under the doctrine of administrative res judicata and, therefore, dismissed the issue of disability on or prior to that date. On February 2, 1988, the ALJ granted Lane DIB and SSI as of December 1, 1987. On February 5, 1988, Lane appealed to the Appeals Council for review of the ALJ's decision. In a decision dated April 25, 1988, the Appeals Council denied Lane's request for a review.
 Lane appealed to the United States District Court for the Western District of Virginia on June 3, 1988, to reverse the ALJ's decision and to order the Secretary to award benefits as of May 15, 1984, the date of his second application. On August 3, 1988, the Secretary answered and moved for summary judgment. Lane filed a cross motion for summary judgment on October 24, 1988. Thereafter, the United States Magistrate issued a memorandum opinion and final order on February 16, 1989. The Magistrate modified the ALJ's decision with respect to Lane's SSI claim by holding that Lane became disabled as early as September 3, 1986. The court also found that the record gave no reason to believe that the plaintiff was incapable of pursuing the appropriate administrative remedies in appealing the denial of his 1984 applications. The court therefore concluded it was without subject matter jurisdiction to consider the period of time prior to September 2, 1986, the period to which the Secretary had applied administrative res judicata.
 II.
 The evidence suggests that Lane may have suffered from an intellectual deficit at the time of the refusal of his 1984 social security applications.
 Lane's IQ was measured twice in connection with his various disability claims. In September 1984, his verbal IQ as measured on the Wechsler Adult Intelligence Scale--Revised (WAIS-R) was 67, performance IQ was 73, and full scale IQ was 68. In December 1987, using the same test, verbal and performance IQ were measured at 62 and full scale IQ at 59. Based on the December 1987 IQ test, the Secretary determined that Lane had a full scale IQ of 59.
 In January 1985, a psychiatrist clinically estimated Lane's intelligence to be in the 65 to 70 range. Lane has also suffered from mental anxiety. Such anxiety was first diagnosed by Lane's treating physician in December 1982. Such anxiety was treated with minor tranquilizers.
 III.
 On appeal, Appellant contends that any application of administrative res judicata to his case would violate constitutional due process under the standard set forth in Shrader v. Harris, 631 F.2d 297 (4th Cir.1980). In Shrader,
 "[we] acknowledged ... that the Secretary's decision not to reconsider a previously denied claim was not generally subject to judicial review unless that denial impaired a constitutional interest. We further recognized, however, that such an interest is implicated when a pro se claimant lacks the mental ability to pursue an appeal of an administrative denial. We concluded, therefore, that when a claimant for benefits has demonstrated that at the time of a previous application he lacked the capacity to assert his rights, the Secretary cannot automatically give res judicata effect to the previous finding of no disability without offending constitutional due process. Instead, we required that a supplemental hearing be held to determine whether the claimant did, in fact, lack competence at the earlier time."
 Young v. Bowen, 858 F.2d 951, 954 (4th Cir.1988) (citing Shrader, 631 F.2d at 302).
 In the instant case, the record before us adequately supports Lane's prima facie showing of intellectual deficit and incompetence in 1984, the same being demonstrated by the intelligence tests and medical evaluations to which Lane was subjected.[2] We therefore conclude that a remand is appropriate to allow the Secretary to conduct a supplemental hearing, as required in Shrader, and if the Secretary concludes upon a complete record that Lane was unable to comprehend the administrative process and the necessity of an appeal, the Secretary should grant Lane a hearing on the merits of his 1984 applications. If the Secretary concludes that Lane had sufficient mental capacity, the Secretary may properly dismiss Lane's 1984 applications on res judicata grounds.
 Accordingly, the district court's finding that it was without subject matter jurisdiction to consider the period of time prior to September 2, 1986, is vacated and the issue of Lane's mental competency is remanded to the Secretary for a supplemental hearing.
 VACATED in part and REMANDED.
 
 
 
 [1]
 By consent of the parties this case was referred to the United States Magistrate for full adjudication pursuant to 28 U.S.C. Sec. 636(c)
 
 
 [2]
 We reject appellant's contention that a supplemental hearing before the Secretary on the issue of mental impairment is unnecessary based on our view that the record contains discrepancies which are properly resolved at the administrative level